IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD J. DAVIS, SR., | |
| Plaintiff, | |
| v. | Case No. 2:22-cv-02330-HLT |
| LT. CRAIG MALES, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiff Ronald J. Davis, Sr.[1] brings federal civil rights and state-law claims stemming from his arrest on February 13, 2017, and subsequent criminal charges.[2] Defendants are Craig Males, Jesse Moley, Terrance Gaston, and Kwim Bromley (all current or former members of the Coffeyville Police Department, collectively the "Coffeyville Defendants"); Montgomery County, Kansas and former county attorneys Larry Markle and Lisa Montgomery (collectively the "Montgomery Defendants"); and Daniel "Heath" Lampson (Plaintiff's former defense counsel). Defendants move to dismiss. Docs. 24, 28, 33. Because Plaintiff's claims are either procedurally

---

[1] The Court notes Plaintiff's pro se status and affords him the leeway granted to a pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court notes the striking differences between the filings in this case and his prior case. *Compare* Docs. 1 and 36 to *Davis v. Moley*, No. 21-cv-02601, Doc. 1 (D. Kan. 2022). His current filings demonstrate a sophistication not typically seen in pro se filings. His filings cite and discuss caselaw and generally adhere to Bluebook formatting (including parentheticals). The Court mentions these observations because ghostwriting briefs can subject an attorney to potential ethical violations. *See Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) ("We do not allow anonymous testimony in court; nor does this circuit allow ghostwritten briefs.").

[2] As suggested by footnote 1, this is Plaintiff's second case related to that event. *See Davis v. Moley*, No. 21-cv-02601 (D. Kan. 2022). The Court dismissed his last case after Plaintiff failed to respond to the magistrate judge's show cause order. Nearly two months later, Plaintiff moved for reconsideration, which was granted. The magistrate judge again recommended the case be dismissed. The undersigned subsequently adopted that recommendation over Plaintiff's objection and dismissed the case without prejudice. The claims in that first case were asserted against largely the same defendants named in this case. Although the claims are phrased differently, both cases address the same conduct. Thus, this case represents Plaintiff's second attempt to plead claims arising out of these facts. He again fails to allege plausible claims as discussed below, which further supports the Court's decision to dismiss his claims with prejudice.

barred, are subject to immunity defenses, or have an insufficient factual basis to state a claim, the Court grants the motions to dismiss.

## I. BACKGROUND[3]

Officers Males and Moley came to Plaintiff's grandmother's house in response to a call on February 13, 2017. Plaintiff's mother invited the officers into the house. Plaintiff's mother told the officers that there had been a loud family disagreement, but there was no disturbance that required police assistance. Plaintiff was seized while gathering his things to leave the house. The officers pushed Plaintiff into a glass window and Males threatened to mace Plaintiff in the presence of Plaintiff's mother and two children. The officers handcuffed Plaintiff incorrectly for fifteen minutes. Neither officer had his Watchguard mic on during the arrest. Plaintiff spent a week in jail due to this arrest, which caused him to miss work and a doctor's appointment.

Plaintiff met with Lampson, his appointed public defender, on March 3, 2017. Lampson refused Plaintiff's request to retrieve potentially exculpatory information and refused Plaintiff's request to move to dismiss the case. Instead, Lampson, along with county attorneys Montgomery and Markle, tried to get Plaintiff to take a plea deal against his wishes. Plaintiff asked Lampson about bringing a lawsuit against the Coffeyville Police Department and Lampson told Plaintiff that he could not sue the police department until his criminal case was resolved.

Plaintiff's first court date stemming from the arrest was March 30, 2017. Plaintiff was appointed a new attorney after Lampson withdrew from the case. Montgomery dismissed the criminal case on October 6, 2021.

---

[3]  For purposes of the pending motions to dismiss, the Court accepts as true Plaintiff's well-pleaded factual allegations. "Courts can consider not only the complaint but also attached exhibits and documents incorporated into the complaint by reference" at the motion to dismiss phase. *Truman v. Orem City*, 1 F.4th 1227, 1238 (10th Cir. 2021).

2

**II.    STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While the 12(b)(6) standard does not require that [the plaintiff] establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citation omitted).

**III.    ANALYSIS**

Plaintiff raises nine counts against various defendants. The Court addresses the counts in order and addresses the arguments of the various defendants separately, if applicable.

    **A.    Count 1: Unreasonable Search and Seizure—Coffeyville Defendants**

Plaintiff's first claim is under 42 U.S.C. § 1983 and appears to be asserted against the Coffeyville Defendants. He argues that his Fourth and Fourteenth Amendment rights were violated by Males and Moley when they entered his grandmother's home and arrested him. He also argues that Bromley was aware of the rights violation but did not intervene, and that Bromley and Gatson "escalated the matter through blatant harassment and intimidation." But Plaintiff does not allege that Bromley or Gatson were present at the arrest.

The Coffeyville Defendants argue that this claim for excessive force or wrongful arrest is time-barred. Plaintiff argues that the statute of limitations should be tolled because he received bad advice from Lampson that he had to wait until the criminal action against him was resolved before pursing action against the Coffeyville Police Department. Plaintiff argues that he pursued his rights

3

diligently by filing numerous internal complaints with the police department before filing this lawsuit and by filing this lawsuit within two months of the resolution of the criminal charges against him.

Federal law determines when a § 1983 claim accrues, but the statute of limitations comes from the relevant state's personal-injury statute and any tolling also generally comes from state law. *See Carbajal v. McCann*, 808 F. App'x 620, 633 (10th Cir. 2020) (citing *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)). Section 1983 claims accrue, for the purpose of the statute of limitations, "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (citation omitted).

Thus, § 1983 claims arising in Kansas use a two-year statute of limitations. K.S.A. § 60-513(a)(4); *Johnson*, 925 F.2d at 1301. Kansas courts have tolled the statute of limitations based on estoppel. *Friends Univ. v. W. R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980). "The question [in determining tolling] is whether there was a design to prevent the discovery of the facts which gave rise to the action, and whether the act operated as a means of concealment." *Id.*

Here, Plaintiff was arrested on February 13, 2017. Plaintiff was aware of his injury at the time it occurred. Accordingly, the statute of limitations for his claims expired February 13, 2019—well before this case was filed in 2022.[4] Plaintiff does not dispute this fact. But he argues that he received bad advice from his then-counsel that caused him to delay legal action and requests equitable tolling. This is insufficient to toll the statute of limitations. The Coffeyville Defendants did not conceal any facts giving rise to the action. And while federal law recognizes tolling when a plaintiff is "pursuing his rights diligently and some extraordinary circumstance prevented timely

---

[4] Similar claims asserted in Plaintiff's first case were also determined to be time-barred. *See supra* note 2.

filing . . . . Ignorance of the law does not entitle a person to equitable tolling." *Caballero v. Wyandotte Cnty. Sheriff's Dep't*, 2019 WL 858699, at *1 (D. Kan. 2019), *aff'd*, 789 F. App'x 684 (10th Cir. 2019) (citations omitted). Therefore, the Court dismisses this claim with prejudice because it is time-barred.

### B. Count 2: Malicious Prosecution—Males, Moley, Markle, Montgomery, and Lampson[5]

Plaintiff's next claim is for malicious prosecution against Males, Moley, Markle, Montgomery, and Lampson. The Court construes this claim as being asserted under the Fourth Amendment via § 1983 because Plaintiff cites the standard for a federal malicious prosecution claim and references § 1983 in response to the motion to dismiss.[6]

> A § 1983 malicious prosecution claim includes five elements, . . . (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages.

*Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023).

---

[5] Plaintiff's briefing on this is somewhat scattered. Males and Moley argue that to the extent Plaintiff alleges a false-arrest claim in count two via § 1983, it is time-barred. *See Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009) (holding the statute of limitations on a false arrest claim starts running once a plaintiff is held subject to legal process). They are correct. To the extent any false arrest claim in count two differs from Plaintiff's claim in count one, it is also time barred. The only plausible inference from Plaintiff's pleadings is that he became subject to legal process sometime in 2017. Thus, as in count one, any false-arrest claim was due by 2019. K.S.A. § 60-513(a)(4); *Johnson*, 925 F.2d at 1301. Therefore, to the extent Plaintiff alleges a false arrest claim against Males and Moley, the Court dismisses it with prejudice as time-barred.

[6] Markle and Montgomery argue that Plaintiff's federal malicious prosecution claim is barred because there is an adequate remedy under state law. But, as noted, it seems Plaintiff is bringing a malicious prosecution claim via the Fourth Amendment. *See Sanchez v. Hartley*, 810 F.3d 750, 755 (10th Cir. 2016) ("[W]e have repeatedly recognized a cause of action under § 1983 for malicious prosecution under the Fourth Amendment."). The Fourteenth Amendment's Due Process protections can be addressed by an adequate state remedy in this context; the Fourth Amendment's protections from unreasonable seizures operate independently of state law. *See Myers v. Koopman*, 738 F.3d 1190, 1193-96 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014) (affirming rejection of Fourteenth Amendment malicious prosecution claim but reversing dismissal of the Fourth Amendment malicious prosecution claim). Additionally, because the Court construes Plaintiff's malicious prosecution claim as a federal claim, Defendants' argument about the applicability of the Kansas Tort Claims Act to this claim are not considered.

Males and Moley argue that they are entitled to qualified immunity, Markle and Montgomery argue that they are entitled to prosecutorial immunity, and Lampson argues that Plaintiff fails to state a claim against him because Plaintiff has not alleged any facts regarding any elements of a malicious prosecution claim against Lampson.[7]

### 1.     Males and Moley

When defendants assert qualified immunity under § 1983, there is a presumption of immunity. *Est. of Taylor v. Salt Lake City*, 16 F.4th 744, 757 (10th Cir. 2021), *cert. denied*, 143 S. Ct. 83 (2022). A plaintiff "can overcome this presumption only by 'show[ing] that (1) the officers' alleged conduct violated a constitutional right, and (2) it was clearly established at the time of the violation, such that 'every reasonable official would have understood,' that such conduct constituted a violation of that right.'" *Id.* (alteration in original) (citation omitted).

Plaintiff argues that the officers violated his clearly established constitutional rights by arresting him without probable cause. This just reiterates his time-barred claim. Plaintiff also argues that the officers "violated a statutory or constitutional right when they lied under oath regarding the circumstances leading to Plaintiff's arrest." Doc. 36 at 8. But Plaintiff does not provide any facts or clearly established law to support this conclusion. For instance, the lone case that Plaintiff points to held that officers could not rely solely on a security guard's allegations to support probable cause for arrest when the officers have video replicating the basis for the guard's allegations. *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1257 (10th Cir. 1998). *Baptiste* deals with unreasonable searches and seizures, not malicious prosecution. It fails to establish how the officers here can be liable for malicious prosecution under clearly established law.

---

[7] Some Defendants argue that this claim fails because the criminal proceedings against Plaintiff did not terminate in a manner indicative of Plaintiff's innocence. This argument, as Males and Moley acknowledge in their reply, is outdated given the Supreme Court's holding in *Thompson v. Clark*, 142 S. Ct. 1332 (2022), that a plaintiff does not have to show a criminal prosecution ended with some affirmative indication of innocence. *Id.* at 1341.

A complaint can draw many actors into a malicious prosecution claim, but the "chain of causation" between the arresting officers and a malicious prosecution claim is broken by an indictment when there is no allegation of pressure or knowing misstatements <u>by the officers to the prosecutor</u>. *Shrum*, 60 F.4th at 1312. Here, Plaintiff tersely accuses the officers of lying on the stand at a preliminary hearing during his criminal case. But he does not even provide sufficient facts from which the Court can infer that the officers were lying (or even what they were lying about), let alone that the officers influenced the prosecutors in any way. Plaintiff fails to plausibly allege either qualified-immunity requirement. Therefore, this claim against Males and Moley is dismissed with prejudice.

### 2. Markle and Montgomery

"Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citation omitted). Prosecutors are absolutely immune for their decisions to prosecute and for engaging in plea bargaining. *See id.*; *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir. 1991) ("[T]hese offers were akin to plea bargaining, an activity that is absolutely immune from liability due to its intimate association with the judicial process."). "A prosecutor is not entitled to such immunity, however, when he is acting as a witness rather than an advocate." *Nielander*, 582 F.3d at 1164.

Here, Plaintiff alleges that Markle and Montgomery "demanded" and "begged" Plaintiff to enter a plea deal, that Markle attempted to introduce his juvenile records as an intimidation tactic, and that Markle and Montgomery prolonged the case. *See* Doc. 1 ¶¶ 42, 48-50, 73. Although

7

Plaintiff clearly disagrees with the prosecution's actions, none of these facts plausibly suggest Markle or Montgomery were acting outside their role as prosecutor. Accordingly, none of the facts alleged overcome Markle and Montgomery's claim of prosecutorial immunity. Plaintiff's claims against Markle and Montgomery are dismissed with prejudice.[8]

### 3. Lampson

Lampson moves to dismiss Plaintiff's malicious prosecution claim under Rule 12(b)(6). The basis of Plaintiff's claim is that "Lampson caused the continued prosecution of Plaintiff by severely neglecting Plaintiff's case by refusing to retrieve exculpatory evidence and refusing to file a motion to dismiss." Doc. 1 at ¶ 74. Plaintiff fails to state a claim against Lampson. Plaintiff's brief allegation does not address most aspects of a malicious prosecution claim. Notably, Plaintiff's response to Lampson's motion does not even address his malicious prosecution claim against Lampson, let alone the basis for asserting such a claim against a defense attorney. Accordingly, Plaintiff's malicious prosecution claim against Lampson is dismissed with prejudice.

### C. Count 3: § 1983 Claim—Montgomery County

Count three asserts a violation of § 1983 against Montgomery County. The basis for the claim is not entirely clear. This is somewhat problematic because § 1983 simply provides a mechanism for securing rights provided for elsewhere. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). It appears that Plaintiff seeks to hold Montgomery County liable because a county policy or custom was the "moving force" behind the alleged constitutional violations committed by the Coffeyville Defendants and individual Montgomery Defendants.

---

[8] Elsewhere in his complaint, Plaintiff accuses the prosecutors of failing to acknowledge his request for a video of his arrival at the jail. Doc. 1 ¶ 108. Plaintiff alleges that he wanted this evidence to show that "had he been 'unruly' like the officers claimed, they would have put him in a restraint chair." *Id.* Plaintiff points to this allegation in his opposition to dismissal on this claim. *See* Doc. 38 at 4-7. Plaintiff's passing accusation fails to state a plausible malicious prosecution claim because it fails to allege facts that make such a video (assuming it exists) relevant to Plaintiff's arrest, confinement, or prosecution.

The county first argues for dismissal because it is not a proper party under Kansas law. It argues that under K.S.A. § 19-105, all suits against it must designate as a party "[t]he board of county commissioners of the county of" Montgomery County, Kansas. Plaintiff does not respond to this argument. The county also argues in the alternative that Plaintiff fails to state a claim because he "has not alleged any constitutional violation that was caused by a municipal custom, practice[,] or policy attributable to a final policymaker of Montgomery County."

A defendant may raise an improper designation defense under Kansas law in its pre-answer motion to dismiss. *See Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1217 n.1 (D. Kan. 2016). The county has done so here. Plaintiff provides no response to this basis for dismissal. Therefore, the Court grants with prejudice the motion to dismiss Montgomery County, Kansas as improperly designated.

Even if a properly designated county defendant were sued, however, dismissal would still be appropriate. A municipality can't be held liable for the actions of its employees just because it employs those employees. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019). Rather, a plaintiff must plead a plausible claim under the following elements to sue a municipality under § 1983 for employee actions: (1) that there was an official county policy or custom, (2) that caused a constitutional violation, and (3) that the policy or custom was enacted or maintained with deliberate indifference towards the potential constitutional injury. *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)).

Plaintiff fails to plead any facts to support his claim. First, he fails to establish a county policy or custom. He merely alleges a conclusory statement that there is a pattern in the county of improper actions by police officers and county attorneys. *See* Doc. 1 ¶¶ 81-82. In his briefs, Plaintiff argues in passing that there is a practice of police officers lying, failing to Mirandize civilians, failing to use Watchguard devices, and having implicit bias against communities of color

9

and of lower income. Yet he gives no facts to support this conclusion. The Court is not required to accept as true conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79. He also briefly argues that the county failed to effectively train police officers to use Watchguard devices and that there is a failure to have a proper protocol for official complaints against the Coffeyville Police Department. But again, these are just conclusions. He provides no factual basis from which the Court could infer that there was ineffective training or that there is insufficient protocol for official complaints. Nor are there any facts that allow the Court to infer causation or deliberate indifference by the county. Thus, even if he had named the proper party, Plaintiff's claim against the county would be dismissed for failure to state a claim for this alternative reason.

### D. Count 4: Intentional Infliction of Emotional Distress—All Defendants[9]

Plaintiff's fourth count alleges intentional infliction of emotional distress under Kansas law against all defendants. The Coffeyville Defendants assert the statute of limitations defense, and the Montgomery Defendants and Lampson move to dismiss for failure to state a claim.[10]

#### 1. Coffeyville Defendants

The statute of limitations for intentional infliction of emotion distress in Kansas is two years from when the conduct causes substantial injury. K.S.A. § 60-513(a)(4); *S. Star Cent. Gas Pipeline, Inc. v. Cline*, 754 F. Supp. 2d 1257, 1262 (D. Kan. 2010).

---

[9] The Coffeyville and Montgomery Defendants argue that all Plaintiff's state-law claims are jurisdictionally barred by Plaintiff's failure to give notice under K.S.A. § 12-105b(d). However, it is unclear whether the notice provisions of the Kansas Tort Claims Act ("KTCA") apply. For example, malicious actions by employees would not be covered by the KTCA, and thus no notice would be required. *Parisi v. Unified Gov't of Wyandotte Cnty.*, 2018 WL 5728439, at *1 (Kan. Ct. App. 2018) ("If the employees were acting . . . wantonly and maliciously against Parisi, the Unified Government would not be liable under the Tort Claims Act and no prior notice to the employees would be legally required."). Plaintiff's claims are vague, and the arguments by the parties fail to develop this aspect of the KTCA's applicability (or lack thereof). The Court declines to address these arguments further because alternative grounds dispose of the case.

[10] The Montgomery Defendants also raise a statute-of-limitations defense, but they concede that it is unclear what actions form the basis of Plaintiff's claim for intentional infliction of emotional distress. It is thus unclear whether the statute of limitations has expired.

Here, it seems based on Plaintiff's cross-references that his claim against the Coffeyville Defendants stems from his February 2017 arrest and the August 2017 testimony of some of the officers at a preliminary hearing. Therefore, barring equitable tolling, his claim against the Coffeyville Defendants is time barred. Like his § 1983 claims, Plaintiff provides no basis for equitable tolling other than the alleged bad advice he received from his former defense counsel. As the Court has already explained, this is an insufficient basis to toll the statute of limitations. Therefore, the Court dismisses this claim as to the Coffeyville Defendants with prejudice because it is time-barred.

### 2. Montgomery Defendants and Lampson

The elements of an intentional infliction of emotional distress claim are "(1) [t]he conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe." *Valadez v. Emmis Commc'ns*, 229 P.3d 389, 394 (Kan. 2010) (citation omitted).

Montgomery, Markle,[11] and Lampson correctly argue that there are no specific facts alleged against any individual defendant on any element in count four. Rather, Plaintiff collectively asserts that "[a]ll Defendants acted intentionally by subjecting Plaintiff to harassment, excessive force, unlawful police practices, and intimidating tactics that were extreme and outrageous." These threadbare conclusions are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are not sufficient to plausibly state a claim. *Iqbal*, 556 U.S. at 678.

---

[11] Count 4 is alleged against all defendants. But as noted above, the county is not a properly named party as to any claims against it.

11

Even considered with the more specific allegations scattered throughout Plaintiff's complaint, Plaintiff fails to state a claim. Plaintiff alleges that Montgomery, Markle, and Lampson tried to get him to take a plea deal and unnecessarily prolonged his case. That, standing alone, is not extreme or outrageous conduct. *Valadez*, 229 P.3d at 394 ("In order to provide a sufficient basis for an action to recover for emotional distress, conduct must be outrageous to the point that it goes beyond the bounds of decency and is utterly intolerable in a civilized society."). To the contrary, prosecutors and defense attorneys frequently offer and even encourage criminal defendants to take plea deals. Such routine actions, even when heavy-handed, cannot be said to run afoul of the bounds of decency in civilized society. The Court thus grants the motions to dismiss as to Plaintiff's claim for intentional infliction of emotional distress with prejudice.[12]

### E.   Count 5: Defamation, Libel, Slander—Coffeyville Defendants

Plaintiff alleges that his "mugshot" was featured in a "social media page and local newspaper" run by the Coffeyville Police Department called "Mug Shot Monday" due to the actions of the Coffeyville Defendants. Coffeyville Defendants argue that this claim is time barred because it appears from Plaintiff's complaint that this publication occurred in 2017.

The statute of limitations for defamation, libel, and slander is one year from when the defamatory statement is published or spoken. K.S.A. § 60-514(a); *Lee v. Reed*, 221 F. Supp. 3d 1263, 1271 (D. Kan. 2016). "[A] defendant has the burden to raise [this] affirmative defense[]. But, once that happen[s] through defendant's motion to dismiss, plaintiff b[ears] the burden to

---

[12]   As noted earlier, this is Plaintiff's second case related to his 2017 arrest and subsequent criminal proceedings. *See Davis v. Moley*, No. 21-cv-02601 (D. Kan. 2022). Plaintiff has not sought further amendment under Rule 15, so the Court finds that further amendment would be futile and dismisses this claim with prejudice. *See supra* note 2; *see also Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282-83 (10th Cir.), *cert. denied*, 142 S. Ct. 477 (2021) (affirming dismissal with prejudice when the plaintiff failed to amend as a matter of right or seek leave to amend under the applicable rules).

allege facts supporting his argument that his claim [i]s not time barred." *Hemphill v. Shore*, 289 P.3d 1173, 1183 (Kan. 2012) (internal citations omitted).

Here, based on Plaintiff's allegations that he was arrested in 2017 and spent a week in custody, it appears the publication of Plaintiff's photo in "Mug Shot Monday" also occurred in 2017. Plaintiff's response does not argue that his claim is timely, nor that this publication occurred (or is occurring) later than 2017. He does not even specifically address this claim. Instead, he again argues for equitable tolling based on his former attorney's advice, which is insufficient under Kansas law. Therefore, the Court also dismisses this claim with prejudice based on the statute-of-limitations defense.

### F. Count 6: Child Endangerment—Males and Moley

Plaintiff argues that Males and Moley violated K.S.A. § 21-5601 and endangered his children by pushing him into a glass window in the children's presence. Males and Moley argue that Plaintiff has no standing to sue pro se on behalf of his children, and even if he did, there is no private cause of action for child endangerment under Kansas law. Plaintiff does not respond to these arguments.

Child endangerment is prohibited under Kansas law by K.S.A. § 21-5601. This statute is in the criminal code, however, and does not mention a civil private right of action. Under K.S.A. § 60-5201(c), causes of action must be explicitly stated and Kansas courts do not imply rights of action. Plaintiff directs the Court to no private right of action, and the Court is not aware of one. Thus, even if Plaintiff had standing to bring this claim, Plaintiff has not brought a cognizable claim

in this civil suit. *See Shophar v. City of Olathe*, 2016 WL 4761852, at *6 (D. Kan. 2016). The Court dismisses this claim with prejudice.[13]

### G. Count 7: Interference with Judicial Process—Males, Moley, Markle, and Montgomery

Plaintiff brings this interference with judicial process claim against Males, Moley, Markle, and Montgomery under K.S.A. § 21-5905. He claims Males and Moley gave false information to the prosecution with the intent to improperly influence his criminal case. He also claims that Markle and Montgomery provided false information in court and ignored Plaintiff's discovery request for jailhouse video footage. All named defendants argue for dismissal because there is no private right of action under K.S.A. § 21-5905. Plaintiff does not respond to these arguments.

Like the child endangerment claim in count six, K.S.A. § 21-5905 is a statute in the criminal code and does not contain a civil private right of action. Plaintiff fails to explain how he has an express private right of action for this claim. The Court must dismiss this claim with prejudice because it cannot infer a private right of action due to K.S.A. § 60-5201.

### H. Count 8: Ineffective Counsel—Lampson

Plaintiff brings an ineffective assistance of counsel claim against Lampson. The basis for Plaintiff's claim is not entirely clear, as he argues in response to Lampson's motion to dismiss that this claim is brought under § 1983 while also discussing supplemental jurisdiction, which pertains to claims arising under state law. To the extent he asserts a claim under § 1983, the Court held in Plaintiff's first case that it lacks subject-matter jurisdiction over such a claim. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *see also Davis v. Moley*, No. 21-cv-02601, Doc. 15 at 3-4 (D. Kan. June 22, 2022). The same would be true here to the extent this claim is asserted under § 1983. Although

---

[13] The Tenth Circuit has held a non-attorney parent bringing a claim on behalf of a minor child must be represented by counsel. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).

Plaintiff asserts that Lampson's conduct was intentional and done in concert with prosecutors, his allegations on that point are conclusory and generally just repeat his complaints with Lampson's performance. Accordingly, any ineffective assistance of counsel claim asserted under § 1983 must be dismissed.

Lampson argues that Plaintiff fails to state a claim for ineffective assistance of counsel even if the Court has jurisdiction. To state a claim for ineffective assistance of counsel, Plaintiff must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

To the extent the Court has jurisdiction over this claim, it must be dismissed because Plaintiff has not alleged any facts that show prejudice. Specifically, there are no facts to show that Lampson's representation negatively altered the outcome of his criminal case. *Id.* at 696 ("[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."). Thus, while the Court sympathizes with Plaintiff's frustration at the delays in his criminal proceeding, his allegations fail to state a claim for ineffective assistance of counsel because his case was dismissed. The Court dismisses this claim with prejudice.[14]

### I. Count 9: Tampering with Evidence—Males and Moley

Plaintiff argues that Males and Moley intentionally interfered with his criminal case by failing to ensure that their Watchguard devices were on. Males and Moley argue that there is no

---

[14] To the extent Plaintiff wishes to raise a malpractice claim, that is not in the complaint. And even if it were, such a claim would be premature because Plaintiff has not yet suffered injury based on his former counsel's alleged advice. Finally, even if such a claim was not premature, the Court would lack subject-matter jurisdiction or decline to exercise supplemental jurisdiction as all federal claims have been dismissed.

cause of action under Kansas law for failing to turn on body cameras. Plaintiff does not respond to this argument.

This claim is difficult to parse because Plaintiff provides no hint as to the basis for his claim. As relevant here, a cause of action under Kansas law for violations of individual rights may be based in tort, contract, or statute. *Burnett v. Sw. Bell Tel., L.P.*, 151 P.3d 837, 843 (Kan. 2007). The Court is unaware of any action under Kansas law based on a failure to <u>create</u> evidence. *Cf. Nkemakolam v. St. John's Mil. Sch.*, 890 F. Supp. 2d 1260, 1264 (D. Kan. 2012) ("[A]n independent cause of action for spoliation has not been specifically recognized under Kansas law."). Nor is it clear how Males and Moley tampered with evidence that does not exist. The Court thus dismisses this count with prejudice for failure to state a claim.[15]

## IV.   CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' motions to dismiss (Docs. 24, 28, 33) are GRANTED. All claims are dismissed with prejudice because amendment would be futile. This case is closed.

IT IS SO ORDERED.

Dated: April 3, 2023                              /s/ *Holly L. Teeter*
                                                  HOLLY L. TEETER
                                                  UNITED STATES DISTRICT JUDGE

---

[15] Plaintiff raises an abuse of process claim for the first time in his reply. Doc. 36 at 9-10. This is inappropriate. *See, e.g.*, *Plotner v. Hodge*, 2018 WL 2075849, at *4 (D. Colo.), *report and recommendation adopted*, 2018 WL 2065578 (D. Colo. 2018) ("This Court does not consider allegations that are raised for the first time in a response, even by a pro se plaintiff."). There is no abuse of process claim asserted in the complaint, so the Court declines to evaluate Plaintiff's arguments on this point.